JEFFREY F. WEBB (CSB # 145750)
*jeffrey.webb@ropesgray.com*
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA  02199-3600
Tel: (617)  951-7636
Fax: (617) 235-9247

MATTHEW A. TOLVE (CSB # 267334)
*matthew.tolve@ropesgray.com*
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415)  315-6300
Fax: (415) 315-6350

Attorneys for Defendant,
COVIDIEN LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIN HAYES,<br><br>           Plaintiff,<br><br>     v.<br><br>COVIDIEN, L.P., and DOES 1-20<br><br>           Defendants. | Case No. 15-cv-2142<br><br>(Santa Clara County Superior Court No. 115CV277167)<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446** |

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

**PLEASE TAKE NOTICE** that Defendant Covidien LP ("Covidien") hereby removes this action, *Erin Hayes v. Covidien L.P., et al.*, commenced by Plaintiff Erin Hayes as Case No. 115-cv-277167 in the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. All properly named and served defendants consent to this removal. In support of this Notice of Removal, Covidien states and/or alleges the following:

## PROCEDURALLY PROPER REMOVAL

1. Covidien's removal of this action is timely under 28 U.S.C. § 1446(b). Section 1446(b) provides that a notice of removal shall be filed within thirty (30) days after formal service of the complaint. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) (holding that 30-day period under § 1446 runs from the service of the summons even if the complaint is filed earlier). The Complaint in this action was filed on February 23, 2015, but a copy of the summons and complaint was not properly served on Covidien until April 13, 2015.

2. Pursuant to the requirement of 28 U.S.C. § 1446(a), a copy of the Complaint, together with "all process, pleadings, and orders served upon" Covidien, are attached hereto as Exhibit A, along with Defendant's answer, filed May 12, 2015 in the Superior Court, attached hereto as Exhibit B.

3. Pursuant to 28 U.S.C. § 1446(d), Covidien will file a copy of this Notice of Removal with the Clerk of the Superior Court for the State of California for the County of Santa Clara and will serve Plaintiff with a copy of the same promptly after the filing thereof.

4. Removal to this Court is proper under 28 U.S.C. §1441 because this district and

division "embrac[e] the place where such action is pending." *Id.* § 1441(a).

## JURISDICTION

5. For an action to be removable, the federal courts must have original jurisdiction over the matter. Here, there are two independent bases for original jurisdiction: (i) federal question jurisdiction, *see* 28 U.S.C. §§ 1331, 1441(a); and (ii) diversity jurisdiction, *see* 28 U.S.C. §§ 1332, 1441(b).

## INTRADISTRICT ASSIGNMENT

6. Removal and assignment of this action to the San Jose Division of this Court is proper because Plaintiff has alleged a substantial part of the events or omission which give rise to his claims occurred in Santa Clara County. *See* Civil L.R. 3-2(e); Compl. ¶ 12.

## BASES FOR REMOVAL

**I. THIS ACTION MAY BE REMOVED BECAUSE FEDERAL QUESTION JURISDICTION EXISTS**

7. The Court has original jurisdiction over this civil action because it arises under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

8. Federal question jurisdiction exists over Plaintiff's Complaint because Plaintiff brings a claim under a federal statute, the False Claims Act, 31 U.S.C. § 3729 *et seq*. Plaintiff alleges retaliation entitling him to relief under 31 U.S.C. § 3730(h). *See* Compl. ¶¶ 46-50. Based on this claim, this action is removable to this Court under 28 U.S.C. §§ 1441(a) and 1446. *See Stringfield v. Honeywell Int'l, Inc.*, No. 11-01829, 2011 WL 2600739, at *1 (D.N.J. June 29, 2011) (complaint asserting a federal claim under the False Claims Act, 31 U.S.C. § 3730(h), was removed to federal court on the basis of federal question jurisdiction).

**II.   THIS ACTION MAY BE REMOVED BECAUSE DIVERSITY JURISDICTION EXISTS**

9.   This Court also has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and defendants, and the matter in controversy exceeds $75,000, exclusive of interest and costs.  Removal is therefore appropriate under 28 U.S.C. §§ 1441(b) and 1446.[1]

**A.   The Parties Meet the Requirement of Complete Diversity**

10.   Plaintiff Erin Hayes is a citizen of the State of California.  *See* Compl. ¶ 6.

11.   Covidien LP is organized under the laws of Delaware and its principal place of business is in Mansfield, Massachusetts.  *See id.* ¶ 11.  Covidien is not a citizen of the State of California.  *See* 28 U.S.C. § 1331(c)(1).

12.   Defendants Does 1 through 20 are fictitious parties.  Their citizenship is irrelevant for the purposes of assessing diversity.  *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332 (a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Bryant v. Ford Motor Co. (Bryant III)*, 886 F.2d 1526, 1528 (9th Cir.1989) (holding that "Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction."), *cert. denied*, 493 U.S. 1076 (1990); *see also Marsikyan v. Porsche Cars N. Am., Inc.*, No. 11-09411, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

**B.   The Amount in Controversy Exceeds $75,000**

13.   The amount in controversy in this action exceeds the $75,000 sum required by 28 U.S.C. § 1332(a).

---

[1] Even were the Court to determine that it does not have diversity jurisdiction—which it should not—the Court may still exercise supplemental jurisdiction over Plaintiff's state law claims, which arise out of the same alleged course of conduct as, and are so related to, his federal claim such that they form part of the same case or controversy.  *See* 28 U.S.C. § 1367(a).

14. Plaintiff seeks "compensatory damages, including but not limited to two times the amount of back pay, front pay, interest on back pay, pre- and post-judgment interest, and damages for emotional pain and suffering." Compl. at 12 (Prayer for Relief).

15. Plaintiff has alleged that he was terminated on February 25, 2013. *Id*. ¶ 30. Prior to his termination, Plaintiff's compensation from Covidien well exceeded $75,000 annually. As more than two years have passed since Plaintiff's termination, his claim for back pay alone exceeds $150,000, and the total amount in controversy, including the claim for two times the amount of back pay and requests for punitive damages and attorneys' fees (Compl. at 12, ¶¶ 2-3, 5), easily exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owen*s, 135 S. Ct. 547, 554 (2014) (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

## **CONCLUSION**

BASED ON THE FOREGOING, Defendant hereby removes the above-captioned action, formerly pending in the Superior Court of the State of California, Santa Clara County, to the United States District Court for the Northern District of California.

Dated: May 12, 2015

    Respectfully submitted,

    MATTHEW A. TOLVE
    ROPES & GRAY LLP

    By /s/ *Matthew A. Tolve*
       Matthew A. Tolve

    Attorneys for Defendant
    COVIDIEN LP

4