# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
04/13/2015
CT Log Number 526936752

TO:     Vicki Tersteeg
        Medtronic, Inc.
        710 Medtronic Pkwy, Ms: LC300
        Minneapolis, MN 55432-5604

RE:     **Process Served in California**

FOR:    Covidien LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Erin Hayes, Pltf. vs. Covidien, L.P., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Information Sheet, Cover Sheet |
| **COURT/AGENCY:** | Santa Clara County - Superior Court - San Jose, CA<br>Case # 115CV277167 |
| **NATURE OF ACTION:** | Employee Litigation - Whistle Blower's Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/13/2015 at 13:40 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Scott A. Brown<br>Brown Poore LLP<br>1350 Treat Boulevard<br>Suite 420<br>Walnut Creek, CA 94523<br>925-943-1166 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/14/2015, Expected Purge Date: 04/19/2015<br>Image SOP<br>Email Notification, Jackie Hiltner jackie.hiltner@medtronic.com<br>Email Notification, Vicki Tersteeg VICKI.ANN.TERSTEEG@MEDTRONIC.COM |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COVIDIEN, L.P.; and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ERIN HAYES

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED

2015 FEB 23   P 3: 24

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California

S. ACKARD
Deputy Clerk

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Clara Superior Court<br>191 North First Street<br>San Jose, California 95113 | **CASE NUMBER:** *(Número del Caso):*<br>1 1 5 C v 2 7 7 1 6 7 |
|---|---|

DAVID H. YAMASAKI
Chief Executive Officer, Clerk

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CHAVEZ & GERTER LLP
Mark A. Chavez (SBN 090858)
Christian Schreiber (SBN 245597)

42 Miller Avenue
Mill Valley, California 94941
Tel: 415-381-5599   Fax: 415-381-5572

| DATE: February 23, 2015<br>*(Fecha)* | Clerk, by   S. ACKARD<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* COVIDIEN, L.P.

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ENDORSED

2015 FEB 23  P 3: 24

David H. Yamasaki, Chief Executive Officer/Clerk Superior Court
County of Santa Clara
By_____
Deputy

1   BROWN | POORE LLP
    Scott A. Brown (SBN 177099)
2   David M. Poore (SBN 192541)
    1350 Treat Boulevard, Suite 420
3   Walnut Creek, California 94523
    Telephone: (925) 943-1166
4   Facsimile: (925) 955-8600
    sbrown@bplegalgroup.com
5   dpoore@bplegalgroup.com

6   CHAVEZ & GERTLER LLP
    Mark A. Chavez (SBN 090858)
7   Christian Schreiber (SBN 245597)
    42 Miller Avenue
8   Mill Valley, California 94941
    Telephone:  (415) 381-5599
9   Facsimile:   (415) 381-5572
    mark@chavezgertler.com
10  christian@chavezgertler.com

11  *Attorneys for Plaintiff ERIN HAYES*

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                        COUNTY OF SANTA CLARA

14

15  ERIN HAYES,                        )  Case No. 115CV277167
                                       )
16                                     )
                                       )
17            Plaintiff,               )  COMPLAINT FOR DAMAGES
                                       )
18       v.                            )  VIOLATION OF CALIFORNIA LABOR
                                       )  CODE SECTION 1102.5
19                                     )  ("WHISTLEBLOWER STATUTE");
                                       )  VIOLATION OF 31 U.S.C. SECTION
20  COVIDIEN, L.P., and DOES 1-20,     )  3730(h); VIOLATION OF CAL. GOV'T
                                       )  CODE SECTION 12653; WRONGFUL
21            Defendants.              )  TERMINATION IN VIOLATION OF
                                       )  PUBLIC POLICY
22                                     )
                                       )
23                                     )  JURY TRIAL DEMANDED
                                       )
24  _____ )

25                                          By Fax

26

27

28

    COMPLAINT FOR DAMAGES

Plaintiff Erin Hayes complains and alleges as follows:

## INTRODUCTION

1.      This is a case alleging whistleblower retaliation and defamation claims related to Plaintiff's wrongful termination by Defendant Covidien, LP ("Covidien").  The claims in this action are brought pursuant to the California Labor Code provision protecting whistleblowers (Cal. Lab. Code § 1102.5), the anti-retaliation provisions of the federal False Claims Act (31 U.S.C. § 3729 *et seq.*) and the California False Claims Act (Cal. Gov. Code § 12651 *et seq.*). Plaintiff seeks backpay and frontpay, along with interest, compensatory damages for emotional distress arising from Covidien's treatment of him, attorneys' fees and costs, penalties, treble damages, and all other relief, including declaratory and injunctive relief, available under the law.

2.      Plaintiff Hayes' claims stem from a clear sequence of events culminating in his unlawful termination.  Plaintiff learned of unlawful conduct by Covidien, reported the conduct to federal investigators, informed his superiors of his communications with the federal authorities, and was fired in a matter of days thereafter.

3.      Prior to his termination, Plaintiff was a successful Senior Territory Sales Manager, Covidien's title for medical device sales representatives.  During his employment with Covidien, Plaintiff sold Covidien's medical products to vascular surgeons and other doctors in Southern California who treated vascular diseases and conditions such as varicose veins.  His performance reviews were excellent, his work ethic was lauded, and his sales numbers exceeded expectations.

4.      Among Plaintiff's bigger clients was a vascular surgeon whose practice grew significantly during Plaintiff's tenure at Covidien.  In June 2012, the physician demanded illegal compensation from Covidien in exchange for his continued use of Covidien's products.  Plaintiff reported the demand to his superiors, who set up a meeting between the physician and Covidien's top sales managers.  During the meeting, Plaintiff's superiors agreed to the physician's unlawful demands, after which Plaintiff Hayes contacted officials at the Federal Bureau of Investigation (FBI) and United States and Department of Health and Human Services (HHS) to report the wrongdoing.  Plaintiff Hayes then informed his supervisors, as well as Covidien's Chief Compliance Counsel, of his report to federal law enforcement officials.

1    5.    Plaintiff Hayes was asked to confirm his actions in a series of conference calls in

2    the days that followed.  In the final conference call, Covidien terminated Plaintiff.  The purported

3    basis for Plaintiff's termination was an obvious pretext for Plaintiff Hayes' whistleblowing

4    activities, and were false and tending to injure his personal, business, and professional reputation.

5                                    **PARTIES**

6    6.    Plaintiff Erin Hayes is an individual over the age of 18 and, at all relevant times

7    hereto, a resident of Ventura County.

8    7.    Defendant Covidien LP is a global healthcare products company and manufacturer

9    of medical devices and supplies and a subsidiary of Covidien PLC.  Following a series of

10   acquisitions over the last two decades, Covidien has emerged as one of the largest medical device

11   manufacturers in the world.  Covidien is, and at all relevant times hereto, has been an employer

12   within the State of California, who regularly employed more than five persons, including

13   Plaintiff.

14   8.    Plaintiff does not know the true names and capacities of Defendants sued herein as

15   DOES 1 through 20, and therefore sues these Defendants by fictitious names.  Plaintiff is

16   informed and believes and thereon alleges that each of the Defendants designated as a DOE is

17   responsible in some manner for the events and happenings herein referred to, and that Plaintiff's

18   injuries and damages as hereinafter set forth were proximately caused by said defendants.

19   Plaintiff will amend this complaint to state the true names and capacities when ascertained.

20   9.    Plaintiff is informed and believes, and thereby alleges that each of the Defendants,

21   herein were at all times relevant hereto, the agents, representatives, servants and employees of the

22   remaining Defendants, and were acting at least in part within the course and scope of such

23   relationship, and that the wrongful acts alleged herein were committed by such defendants, and

24   each of them.  Furthermore, Plaintiff is informed and believes that defendants were, at all relevant

25   times, one integrated enterprise and/or employer.

26                          **JURISDICTION AND VENUE**

27   10.    This Court has jurisdiction over this controversy because Plaintiff resides in

28   California, Covidien employed Plaintiff in California and regularly conducts business in

COMPLAINT FOR DAMAGES                                                                    2

1   California, the claims asserted by Plaintiff are governed by the laws of the State of California, and

2   the injuries resulting from Defendants' wrongful conduct were suffered in California.

3        11.    Defendant Covidien, LP is the United States affiliate of Covidien PLC, a foreign

4   corporation headquartered in Dublin, Ireland.  Covidien's United States headquarters is in

5   Mansfield, Massachusetts and its principal place of business is in Massachusetts.

6        12.    Venue is appropriate in this County because Covidien's West Coast Sales Office is

7   headquartered in San Jose, California, Plaintiff's supervisors were headquartered in San Jose,

8   Covidien trained managers in San Jose and conducted administrative and management functions

9   in San Jose, and Covidien's unlawful conduct was directed from and carried out in its offices in

10   San Jose.

11   **FACTUAL BACKGROUND**

12        13.    In approximately October 2008, Plaintiff Erin Hayes was hired by a San Jose-

13   based medical device manufacturer, VNUS Medical Technologies, Inc. ("VNUS"), to sell

14   medical devices to physicians who treat vascular conditions such as varicose veins and venous

15   reflux disease.

16        14.    In mid-2009, VNUS was acquired by Defendant Covidien.  Thereafter, Plaintiff

17   Hayes became a Covidien employee and worked in Covidien's "EV3" division, which sells

18   medical devices used to treat Peripheral Arterial Disease (PAD) and varicose veins.  His primary

19   job duties remained the same.

20        15.    When Plaintiff became employed by Covidien, he was trained at Covidien's West

21   Coast Sales headquarters in San Jose, and received periodic training in San Jose.

22        16.    During the time Plaintiff Hayes worked for Covidien, Douglas Clark served as the

23   Training Manager of Covidien's West Coast Sales team. Covidien's operations and administrative

24   functions relating to the management of the western sales team were run out of Covidien's San

25   Jose Sales Office.

26        17.    During his tenure at VNUS and Covidien, Plaintiff Hayes was a high-performing

27   and well-regarded salesman.  He was regularly rated as excellent in his performance evaluations,

28   and was frequently among Covidien's top sales representatives.  In recognition for his outstanding

1  performance, he was awarded Covidien's "Rookie of the Year" award in 2009, and was a member

2  of Covidien's "President Club" in 2009 and 2010, which was reserved for the top 10 percent of

3  salesman across the United States.  Plaintiff Hayes received multiple other recognitions from

4  Covidien for his sales record, and met or surpassed his quota for 17 consecutive quarters.

5         18.    As part of Plaintiff Hayes' job duties as a Covidien sales representative, he was

6  required to encourage physicians to participate in trainings and other marketing events organized

7  by Covidien.  Covidien's marketing team was located in San Jose and directed marketing efforts

8  from the San Jose office.  The goal of these events was to familiarize the physicians with

9  Covidien's products, to market these products to attendees, and to gain commitments from the

10  physicians that they would use Covidien products in their practice.

11         19.    To facilitate these marketing efforts, Covidien established a number of "training

12  centers" across the country.  The training centers are typically at the office of a physician, and

13  marketed by Plaintiff and other Covidien employees as places where physicians can attend

14  "seminars" to learn about the diagnosis and treatment of vascular conditions.  Covidien

15  designated the office of one of its biggest customers, West Coast Vascular (WCV), as a training

16  center.  One of the physicians in the WCV practice was among Covidien's biggest clients in the

17  United States.

18         20.    In approximately June 2012, Plaintiff Hayes was told by one of the physicians at

19  WCV that to maintain WCV as a customer, Covidien needed to pay him an illegal kickback.  The

20  physician has a significant practice and was a large purchaser of Covidien's vein and arterial

21  product lines.  With Covidien's assistance, the physician was already planning an upcoming

22  large-group "vein screening" to be conducted by West Coast Vascular.  Vein screening is a

23  process designed to diagnose PAD and other vascular conditions that may require treatment.

24  Physicians sometimes conduct such screenings as a way to obtain new patients.  It is unlawful for

25  a medical device manufacturer to provide direct marketing for a physician in exchange for his

26  agreement to use the manufacturer's product.

27         21.    Plaintiff Hayes immediately informed his supervisors about the physician's illegal

28  demand.  In response, Plaintiff's supervisors immediately set up a meeting with the physician.

1  The meeting was held on July 9, 2012 at the WCV offices and was attended by Plaintiff Hayes

2  and several other high-level Covidien employees, including Robert Rajalingam, Covidien's Vice

3  President of Global Marketing, as well as three Covidien managers: Mr. Clark, Mark Andrew,

4  and Charlie Lechner, the Regional Sales Manager.

5        22.     During the July 9 meeting, the physician reiterated his demand for money and

6  stated that his vein screening needed to be promoted and paid for by Covidien.  Ultimately, Mr.

7  Andrew offered to have Covidien's marketing team design, place and pay for a newspaper

8  advertisement.  Mr. Andrew stated that Covidien would pay for the advertising by cloaking a

9  $9,000 payment to the physician for sham "trainings" purportedly conducted by the physician at

10  WCV's training center.  Mr. Andrew stated that he would complete training request forms for

11  physicians, but that it did not matter if any physicians attended the trainings because payment

12  would be made no matter what.  Mr. Andrew also agreed to send three separate checks for $3,000

13  for the sham trainings.

14        23.     Plaintiff Hayes expressed his concern about the plan to Mr. Lechner, Mr. Clark,

15  and another salesman who attended the meeting.  Plaintiff questioned the legality of the

16  arrangement, but was told by Mr. Clark to "forget the meeting occurred."  In October 2012, one

17  of the managers who attended the July 9, 2012 meeting, Mr. Lechner, left Mr. Hayes a voicemail

18  informing him that funds were now available to pay for WCV's advertisement.  The

19  advertisement was ultimately created by Covidien's marketing team in San Jose.

20        24.     Shortly after receiving the voicemail, on or about November 14, 2012, Plaintiff

21  Hayes sent letters to the FBI and HHS describing Covidien's business practice of engaging in

22  medical kickback schemes to persuade physicians to purchase and use Covidien's products.

23  Plaintiff Hayes explained that Covidien was committing what he believed to be illegal acts and

24  his belief that Covidien was violating anti-kickback statutes.  Plaintiff further disclosed his belief

25  that such conduct constituted a fraud on the government, and specifically on government-issued

26  healthcare programs such as Medicare.

27        25.     In addition to reporting on the scheme to pay for WCV's newspaper

28  advertisements, Plaintiff Hayes' letters also detailed another Covidien business practice that he

1  believed was unlawful.  Namely, Plaintiff Hayes' letters stated that Covidien used individuals it

2  called "per diems," who were employed by a temporary staffing agency, to market certain

3  physicians' practices in exchange for the physicians' agreements to use Covidien medical devices.

4  Plaintiff Hayes explained in his letters that these practices often dramatically inflated a

5  physician's patient volume.

6        26.    On January 30, 2013, Plaintiff Hayes told Mr. Clark about the reports he had made

7  to the federal government investigators.  Plaintiff Hayes stated that he believed Covidien's

8  business practices were illegal kickback schemes.  Mr. Clark expressed disappointment in

9  Plaintiff Hayes for not keeping his complaints "internal."  Mr. Clark then recommended that

10  Plaintiff Hayes speak with Covidien's Chief Compliance Counsel, Jeanne Hickey.

11        27.    On February 4, 2013, Plaintiff Hayes spoke with Ms. Hickey. He informed her of

12  the letters to the FBI and HHS.

13        28.    After hearing nothing further, Plaintiff Hayes contacted Ms. Hickey to follow up.

14  A second conference call was held on February 11, 2013, and a third on February 15.  Nothing

15  was resolved on these calls.

16        29.    Finally, Plaintiff Hayes was instructed to attend a meeting in Bakersfield in which

17  he had been directed by Mr. Clark to offer free marketing services to a physician in exchange for

18  his use of Covidien products and his agreement not to "reprocess," i.e. sterilize and re-use,

19  Covidien catheters.  However, Plaintiff Hayes fell severely ill and could not to attend the meeting.

20  Despite the fact that Plaintiff Hayes was seriously ill, Mr. Clark berated Plaintiff Hayes and

21  demanded proof of Plaintiff Hayes' hospital visit, which he produced.

22        30.    On February 25, 2013, Plaintiff Hayes was terminated on a conference call in

23  which Mr. Clark, Ms. Hickey, Plaintiff's new supervisor, and a representative of Covidien's

24  Human Resources Department participated.  Plaintiff Hayes was told the reason was a "lack of

25  integrity" stemming from a sale he recorded more than three months earlier.  According to Mr.

26  Clark, Plaintiff Hayes improperly recorded the sale of catheters to a physician who had offices in

27  both Mr. Hayes' sales territory and in the territory of another sales representative.  Proceeds and

28  quotas related to the sale had already been re-allocated.

1    31.    Covidien's stated reasons for terminating Plaintiff Hayes were false and pretextual.

2  As a practical matter, Covidien had no policy against Plaintiff Hayes recording the sale as he did,

3  and in fact, encouraged sales representatives to "close the deal" rather than adhere to strict

4  territory boundaries.  Furthermore, when Plaintiff booked the sale in December 2012, Covidien

5  had already been made aware of the facts surrounding the sale.  At the time, Plaintiff's actions in

6  making the sale had already been addressed by Plaintiff's supervisor and the matter had been

7  closed.

8    32.    Mr. Clark's conduct and treatment of Plaintiff Hayes was symptomatic of long-

9  standing ill-will Mr. Clark felt toward Plaintiff.  It was Covidien's policy and practice to "reward"

10  certain sales representatives with "per diems" in order to dedicate marketing efforts toward

11  Covidien's largest physician customers.  Sales representatives with "per diem" assistance

12  logically had higher sales because they had additional assistance managing clients and accounts.

13  Despite Plaintiff Hayes' stellar record as a salesman, however, Mr. Clark refused to provide any

14  "per diem" to Plaintiff Hayes.  During the course of Plaintiff Hayes' employment, Mr. Clark was

15  known to be hostile and biased against him; Mr. Clark called Plaintiff Hayes by an unflattering

16  nickname and expressed his unwillingness to assist Plaintiff with any aspect of his sales duties.

17  Plaintiff Hayes repeatedly met or exceeded his sales quotas in spite of Mr. Clark's animus toward

18  him.

19    33.    . Since Plaintiff Hayes' termination, he has reasonably and diligently sought

20  comparable employment.  However, Defendants have obstructed Plaintiff Hayes' efforts to obtain

21  gainful employment.  Defendants have published false information about Plaintiff Hayes,

22  including false accusations that he breached his duties of confidentiality and nondisclosure with

23  Covidien, and false claims that he was terminated for "dishonesty."

24    34.    Defendants also disclosed confidential correspondence between Plaintiff Hayes

25  and the California Division of Occupational Safety and Health ("Cal-OSHA") in which he

26  reported workplace safety and health hazards he witnessed at the offices of certain physicians.

27  Specifically, Plaintiff Hayes reported what he believed was the illegal re-use of catheters by

28  medical providers at their clinics.  Defendants obtained these reports and then circulated them to

---

COMPLAINT FOR DAMAGES                                                                 7

1   the physicians named in the reports with the intention of "outing" Plaintiff Hayes as the

2   confidential source of the information.  The purpose of doing so was to damage Plaintiff Hayes'

3   rapport with his clients, and to create animosity toward him.  Defendants also falsely accused

4   Plaintiff Hayes of harassing a WCV staff member.

5          35.     These statements, individually and collectively, defamed Plaintiff Hayes in the

6   medical device sales industry and place him in a false light.  As a result, Plaintiff Hayes is

7   effectively blackballed from obtaining comparable employment in his chosen field.

8                              **FIRST CAUSE OF ACTION**
                          **WHISTLEBLOWER RETALIATION**
9          **(Violations of Labor Code § 1102.5 - Against Defendant Covidien)**

10         36.     Plaintiff incorporates each of the foregoing paragraphs as though fully set forth

11  herein, and further alleges as follows.

12         37.     At all relevant times, Plaintiff was an employee of Defendant Covidien.

13         38.     Plaintiff made complaints in the workplace and to government agencies pertaining

14  to violations of medical anti-kickback schemes and the Stark Law.  Labor Code section 1102.5

15  prohibits employers from making, adopting, or enforcing a policy that prevents an employee from

16  disclosing information to a government or law enforcement agency, where the employee has

17  reasonable cause to believe that the information discloses a violation of a state or federal statute,

18  or a violation or noncompliance with a state of federal rule or regulation.  This section statute also

19  prohibits an employer from retaliating against an employee for disclosing such information.

20         39.     Plaintiff was subjected to an adverse employment action when he was terminated

21  from his position as a sales representative for Defendant Covidien.

22         40.     Plaintiff was terminated in retaliation for his lawful exercise of rights provided

23  under Labor Code § 1102.5, including but not limited to: reporting fraud to federal agencies, and

24  opposing, protesting, or refusing to participate in activities he reasonably believed to be illegal.

25         41.     Defendants violated Labor Code § 1102.5, when they terminated Plaintiff's

26  employment within 30 days of making such complaints, and took other adverse employment

27  actions against Plaintiff, as a direct result of his complaints in the workplace pertaining to

28  violations of medical anti-kickback schemes and the Stark law.

---

COMPLAINT FOR DAMAGES                                                              8

42.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

43.     Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

44.     The acts of the Defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiff and to cause Plaintiff mental anguish, anxiety, and distress.

45.     The acts of Defendant Covidien were further committed by managing agents, officers, or directors of the Covidien, or ratified by Covidien at a corporate level.  Covidien's acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code § 3294, entitling plaintiff to punitive damages.

**SECOND CAUSE OF ACTION**
**RETALIATION FOR DISCLOSING FALSE CLAIMS [FEDERAL LAW]**
**(Violation of Federal False Claims Act, 31 U.S.C. § 3730(h) – Against Defendant Covidien)**

46.     Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein, and further alleges as follows.

47.     The federal False Claims Act prohibits an employer from discharging, threatening, harassing, or otherwise discriminating against an employee in the terms and conditions of employment because of lawful acts undertaken by the employee in furtherance of an action under the Act or other efforts to stop one or more violations of this subchapter.  Furtherance of an action under the Act includes actions to disclose to the government/law enforcement agency false claims and to participate in/act in furtherance of the investigation of such.

//

//

1       48.    As alleged herein, Plaintiff reported to various government agencies that

2 Defendant Covidien and various employees were engaged in and/or ratified fraud related to

3 federally-funded programs, including Medicare.

4       49.    Under 31 U.S.C. § 3730(h), Defendants, jointly and /or severally are liable for all

5 relief necessary to make Plaintiff whole, including reinstatement or frontpay, two times the

6 amount of back pay, interest on the back pay, compensation for any special damage sustained as a

7 result of the retaliation, plus litigation costs and reasonable attorneys' fees.

8       50.    Defendants did the acts alleged herein maliciously, fraudulently, and oppressively,

9 and/or with the wrongful intention of injuring Plaintiff, and/or with conscious disregard of the

10 rights of Plaintiff, and/or with an improper and evil motive amounting to malice thus entitling

11 Plaintiff to punitive damages against the individuals.

12                               **THIRD CAUSE OF ACTION**
        **RETALIATION FOR DISCLOSING FALSE CLAIMS [STATE LAW]**

13       **(Violation of Government Code § 12653 – Against Defendant Covidien)**

14       51.    Plaintiff incorporates each of the foregoing paragraphs as though fully set forth

15 herein, and further alleges as follows.

16       52.    California Government Code § 12653(b), prohibits an employer from demoting,

17 disciplining, threatening, or otherwise acting against an employee in the terms and conditions of

18 his employment because of his actions taken to disclose to the government/law enforcement

19 agency false claims and to participate in/act in furtherance of the investigation of such.

20       53.    As alleged herein, Plaintiff reported to various government agencies that

21 Defendant Covidien and various employees were engaged in and/or ratified fraud related to

22 federally-funded programs, including Medicare.

23       54.    Under Cal. Gov. Code § 12653(c), Defendants, jointly and /or severally are liable

24 for all relief necessary to make Plaintiff whole, including reinstatement or frontpay, two times the

25 amount of back pay, interest on the back pay, compensation for any special damage sustained as a

26 result of the retaliation, plus litigation costs and reasonable attorneys' fees.

27       55.    Defendants did the acts alleged herein maliciously, fraudulently, and oppressively,

28 and/or with the wrongful intention of injuring Plaintiff, and/or with conscious disregard of the

1    rights of Plaintiff, and/or with an improper and evil motive amounting to malice thus entitling

2    Plaintiff to punitive damages against the individuals.

3         56.    As a result of the retaliation against him, Plaintiff has suffered, and continues to

4    suffer, damages, as set forth above.

**FOURTH CAUSE OF ACTION**
**(Wrongful Termination in Violation of Public Policy – Against Defendant Covidien)**

7         57.    Plaintiff incorporates each of the foregoing paragraphs as though fully set forth

8    herein, and further alleges as follows.

9         58.    It is the fundamental public policy of the State of California that employers and/or

10   other persons shall not discriminate or retaliate against an employee for exercising

11   constitutionally protected rights.  California and federal law, furthermore, expressly prohibit such

12   retaliation against individuals who report illegal activity.  Whistleblowing complaints of medical

13   kickback schemes, of violations of the Stark Law, and of federal or State workplace health and

14   safety regulations, are protected speech.

15        59.    California's fundamental public policies protecting whistleblowers are enshrined

16   in numerous places, including the California Constitution, the Federal False Claims Act, 31

17   U.S.C. § 3729 *et seq.*, the California False Claims Act,. Gov't C. § 12650 *et seq.*, and Labor Code

18   § 1102.5, *et. seq.*  These public policies of the State of California were fundamental and well-

19   established at the time Plaintiff was terminated.

20        60.    In acting as alleged herein, Defendants wrongfully terminated Plaintiff in violation

21   of these public policies.

22        61.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss

23   of employment, indignity, great humiliation and emotional distress manifesting in physical

24   symptoms.

25        62.    Defendants' actions have caused and continue to cause Plaintiff substantial losses

26   in earnings, significant reputational and professional injury, loss of promotional opportunities and

27   other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

28

COMPLAINT FOR DAMAGES                                                                    11

1    benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount

2    according to proof.

3         63.     The acts of the Defendants as alleged herein, were intentional, outrageous,

4    despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiff and to cause

5    Plaintiff mental anguish, anxiety, and distress.  The acts of the Defendant Covidien were further

6    committed by managing agents, officers, or directors of Covidien, or ratified by it at a corporate

7    level.  The Defendants' acts were done in conscious disregard of the risk of severe emotional

8    harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice

9    under California Civil Code § 3294, entitling Plaintiff to punitive damages.

10        **PRAYER FOR RELIEF**

11        Wherefore, Plaintiff prays for judgment against Defendants, and each of them as follows:

12        1.  That Defendants are found to have violated the above-referenced provisions of the

13   California Labor Code, the California Government Code and the federal False Claims Act (31

14   U.S.C. § 3730(h), Cal. Government Code § 12653, Cal. Lab. Code § 1102.5), as to Plaintiff;

15        2.  That Defendants are required to pay compensatory damages, including but not limited

16   to two times the amount of back pay, front pay, interest on back pay, pre- and post-judgment

17   interest, and damages for emotional pain and suffering due to retaliation inflicted upon Plaintiff,

18   among other relief;

19        3.  That Defendants are required to pay Plaintiff punitive damages for Defendants'

20   malicious, reckless or callous indifference to the rights of Plaintiff;

21        4.  That Plaintiff receives an award in the amount of unpaid wages owed, including

22   interest thereon, and penalties subject to proof at trial;

23        5.  For equitable and/or injunctive relief according to proof;

24        6.  That Plaintiff receives an award of reasonable attorneys' fees and costs pursuant to 31

25   U.S.C. § 3730(h), California Govt. Code § 12653(c), Code of Civil Procedure § 1021.5, and

26   California Labor Code § 1102.5, as well as any other applicable statute; and

27        7.  That the Court order further relief, in law or equity, as it deems appropriate and just.

28   //

COMPLAINT FOR DAMAGES      12

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a trial by jury.

3

4                           Respectfully submitted,

5  Dated: February 23, 2015         CHAVEZ & GERTLER LLP

6                           BROWN POORE LLP

7

8              By:           

9                       Scott A. Brown

                           *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: ~~1 1 5 C V 2 7 7 1 6 7~~

---

| PLEASE READ THIS ENTIRE FORM |
| :---: |

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* William Elfving _____ *Department:* ___3___

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)
   *Date:* **JUN 2 3 2015** _____ *Time:* 2:15pm ___ in Department: ___3_____

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)
   *Date:* _____ *Time:* _____ in Department:_____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| CHAVEZ & GERTLER LLP<br>Mark A. Chavez (SBN 090858)<br>Christian Schreiber (SBN 245597)<br>42 Miller Avenue, Mill Valley, California 94941<br>TELEPHONE NO.: (415) 381-5599   FAX NO.: (415) 381-5572<br>ATTORNEY FOR *(Name)*: Plaintiff ERIN HAYES | ENDORSED<br>2015 FEB 23 P 3: 24<br>David H. Yamasaki, Chief Executive Officer/Clerk<br>County of Santa Clara<br>By_____ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME: Downtown Superior Court

CASE NAME: Hayes v. Covidien, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 115CV277167 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

*BY FAX*

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: Four (4)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 23, 2015

Christian Schreiber
_____
(TYPE OR PRINT NAME)

▶ *Christian Schreiber* (signature)
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | *Martin Dean's* ESSENTIAL FORMS™ | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |